UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NANNETTE F. NICHOLSON,

        Plaintiff,

v.                                              Case No:  6:18-cv-20-Orl-40DCI

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

REPORT AND RECOMMENDATION

      Nannette F. Nicholson (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her application for disability insurance benefits (DIB).  Doc. 1; R. 1-6, 184-87.  Claimant argued that the Administrative Law Judge (the ALJ) erred by failing to apply the correct legal standards to the opinion of Olga M. Garcia, M.D.  Doc. 13 at 8-10.  For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED**.

                                             I.        THE ALJ'S DECISION

      Claimant filed an application for DIB in June 2014.  R. 21, 184-87.  Claimant alleged a disability onset date of December 18, 2009.  *Id*.

      The ALJ issued his decision on December 22, 2016.  R. 21-40.  In the decision, the ALJ found that Claimant had the following severe impairments: fibromyalgia, irritable bowel syndrome, degenerative disc disease of the cervical and lumbar spine, a right knee impairment, an affective disorder, and an anxiety disorder.  R. 23.  The ALJ found that Claimant had a residual

functional capacity (RFC) to perform less than a full range of light work as defined by 20 C.F.R. § 404.1567(b).[1]  R. 26.  Specifically, the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she needs to avoid ladders or unprotected heights; needs to avoid the operation of heavy, moving machinery; needs a low-stress work environment meaning no production line and needs simple tasks; can occasionally bend, crouch, kneel, or stoop; needs to avoid squatting or crawling; and needs to avoid the operation of foot controls.

*Id*.  The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing jobs in the national economy.  R. 77-80.  The ALJ thus found that Claimant was capable of performing jobs that existed in significant numbers in the national economy.  R. 38-40.  Therefore, the ALJ found that Claimant was not disabled.  *Id*.

## II.   STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.   ANALYSIS

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. At step four, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. § 404.1545(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

At step five, once the claimant has proven that the claimant can no longer perform past relevant work, the burden shifts to the Commissioner "to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Jones v. Apfel*, 190 F.3d 1224, 1228-30 (11th Cir. 1999) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). An ALJ may rely on the testimony of a VE in determining whether the claimant can perform other jobs in the national economy. *Id*. at 1229. The ALJ is required to pose hypothetical questions that are accurate and that include all of the claimant's functional limitations. *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). However, the ALJ need not include "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or medical "findings . . . that the ALJ . . . properly rejected as unsupported" in the hypothetical question, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Where the ALJ relies on the VE's testimony at step five, but fails to include all the claimant's functional limitations in the hypothetical question, the final decision is not supported by substantial evidence. *Pendley*, 767 F.2d at 1562 (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).[2]

On September 22, 2014, Dr. Garcia, a State agency medical consultant, completed a physical residual functional capacity assessment of Claimant. R. 108-10. Therein, Dr. Garcia opined, in part, that Claimant must "[a]void even moderate exposure" to noise. R. 109. The ALJ considered Dr. Garcia's opinions, including Dr. Garcia's opinion regarding Claimant's noise

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

limitation, and found that they were entitled to great weight. R. 37. Indeed, the ALJ stated as follows:

> The undersigned gives great weight to the opinion of the State agency medical consultant that the claimant could perform light work activity but *must avoid even moderate exposure to noise* and hazards (Exhibit 3A); however, additional limitations are warranted based on evidence submitted at the hearing level showing ongoing treatment for fibromyalgia with tender points on examination.

*Id*. (emphasis added). Yet, the ALJ failed to include a limitation regarding Claimant's exposure to noise in the RFC. R. 26. In addition, the ALJ failed to include a limitation regarding Claimant's exposure to noise in his hypothetical to the VE. R. 77-80. The ALJ provided no explanation for his failure to include a limitation regarding Claimant's exposure to noise. R. 21-40.

Claimant argues that the ALJ failed to apply the correct legal standards to Dr. Garcia's opinion. Doc. 13 at 8-10. Specifically, Claimant argues that despite giving Dr. Garcia's opinions "great weight," the ALJ failed to account for Dr. Garcia's opinion that Claimant must avoid "even moderate exposure to noise," and, thus, failed to apply the correct legal standards. *Id*. The undersigned agrees. The ALJ assigned "great weight" to the opinions of Dr. Garcia, and, in fact, specifically referred to Dr. Garcia's opinion regarding Claimant's exposure to noise when doing so. R. 37. But the ALJ, without explanation, failed to include a limitation regarding Claimant's exposure to noise in the RFC or in the hypothetical to the VE. R. 26, 77-80. Thus, the undersigned finds that the ALJ erred. *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review."); *Shireman v. Colvin*, 2016 WL 2939157, at *8-11 (N.D. Fla. May 19, 2016) (finding that the ALJ erred by failing to explain why he did not account for the claimant's moderate limitation in the ability to respond appropriately to usual work situations where the ALJ had given significant weight to the relevant doctor's opinions); *Martin v. Comm'r of Soc. Sec.*, No. 3:12-cv-900-J-MCR,

2013 WL 3893260, at *5-7 (M.D. Fla. July 26, 2013) (finding that the ALJ erred by failing to account for the claimant's marked limitations in the claimant's ability to respond appropriately to usual work situations and to changes in a routine work setting where the ALJ gave considerable weight to the relevant doctor's opinions but failed to properly reject the specific opinions at issue).

The Commissioner's arguments to the contrary are unavailing. Doc. 13 at 10-15. Specifically, with regard to the Commissioner's argument that the ALJ implicitly rejected Dr. Garcia's opinion regarding Claimant's exposure to noise when the ALJ found that Claimant's migraines were not a severe impairment, the undersigned finds no support in the record. Although it is true that the ALJ found that Claimant's migraines were not a medically determinable impairment during the period at issue, there is nothing in the ALJ's decision to establish that Claimant's alleged migraines were a reason, let alone the sole reason, for Claimant's limitation regarding exposure to noise. R. 21-40. Nor is there anything in Dr. Garcia's opinion to suggest that her opinion regarding Claimant's exposure to noise was related, let alone solely related, to Claimant's complaints of migraines. R. 108-10. And the Commissioner did not cite any record evidence outside of the ALJ's decision and Dr. Garcia's opinion to support her position. Doc. 13 at 13-14. Rather, the Commissioner appears to be doing nothing more than speculating as to the cause of Claimant's noise limitation. But the undersigned cannot rely on a post-hoc argument offered by the Commissioner on appeal. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). Thus, the ALJ's failure to explain how the RFC accounts for Claimant's limitation or why Claimant's limitation was excluded is determinative. *See Winshcel*, 631 F.3d at 1179 ("[W]hen the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' we will

decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'") (citation omitted); *Hanna*, 395 F. App'x at 636 ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review."); *Shireman v. Colvin*, 2016 WL 2939157, at *8-11 (finding that the ALJ erred by failing to explain why he omitted claimant's moderate limitation in the ability to respond to usual work situations from the RFC).

Finally, the undersigned is unpersuaded by the Commissioner's apparent attempt to argue that the ALJ's error was harmless because Dr. Garcia's opinion allegedly supports a finding that Claimant was not disabled. Doc. 13 at 14. Once the claimant has proven that the claimant can no longer perform past relevant work, it is the Commissioner's burden "to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform."[3] *Jones*, 190 F.3d at 1228-30 (citation omitted). And the undersigned will not step into the shoes of the VE to determine whether a limitation regarding Claimant's exposure to noise would preclude Claimant from performing the jobs in the national economy. *See Pendley*, 767 F.2d at 1562 (finding that the ALJ's decision was not supported by substantial evidence where the hypothetical to the VE did not include all of the claimant's functional limitations).

Given the foregoing, it is **RECOMMENDED** that the Court accept Claimant's assignment of error.

## IV.   CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **REVERSE** and **REMAND** the final decision of the Commissioner; and

2. Direct the Clerk to enter judgment in favor of Claimant and against the Commissioner, and close the case.

---

[3] The ALJ found that Claimant was unable to perform any past relevant work. R. 38.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 30, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy